Ephraim Frenkel
245-13 Jericho Turnpike
PO Box 260421
Bellerose NY 11426
efrenkel@frenlaw.com
516-209-2300
Fax: 516-403-1893
Attorney for Plaintiffs Optima International Group, LTD and
Optima Group Inc.

IN THE UNITED STATES DISTRICT COURT
NEW YORK, EASTERN DISTRICT

_____   <u>COMPLAINT</u>
Optima International Group, LTD and
Optima Group Inc.
        Plaintiffs

    -against-                              ;
JSC Sarajishvili and E. Bubuteishvili
        Defendants
_____

Plaintiffs Optima International Group, LTD and Optima Group, Inc. by its attorney Ephraim Frenkel, as and for its Complaint against Defendants JSC Sarajishvili and E. Bubuteishvili  allege as follows::

PARTIES

1. Plaintiff Optima International Group, Ltd ("OIG") is a United States Corporation formed in the State of New York on August 3, 2011 with an address of 112-45 68th Road Queens, New York.

2. Plaintiff Optima Group, Inc. ("OGI") is a United States unincorporated partnership, created in Queens, New York on or about November  2011 with an address of 112-45 68th Road Queens, New York and is wholly owned by Optima International Group, Ltd.

3. Defendant JSC Sarajishvili ("JSC") is a corporate entity with a primary address at 4 Sarajishvili Avenue, 0153 Tbilisi, Republic of Georgia doing business in the United States.

4. Defendant E. Bubuteishvili, is a Citizen of the Republic of Georgia with a primary address at 4 Sarajishvili Avenue, 0153 Tbilisi, Republic of Georgia.

## JURISDICTION AND VENUE

5. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332.

6. A substantial part of the events or omissions giving rise to these claims occurred within New York, and venue is therefore appropriate in this Court pursuant to 28 U.S.C. § 1391(a).

## ALLEGATIONS

7. On or about November 9, 2011, Plaintiff OGI, entered into an agreement with defendant JSC by its President E. Bubuteishvili for the purpose of exclusive distribution rights of JSC's product to the United States.

8. The product, Cognac, is an exclusive product unavailable in the United States, Republic of Russia or any other country except fort he Republic of Georgia.

9. The term of the Agreement was for five years commencing on November 9. 2011 through December 1, 2016.

10. OGI will have to expend significant time and monies to provide import/export services of the product as contemplated by the Agreement.

11. The Agreement further provides that for all exports by JSC to the Russian Federation, JSC is to pay to OGI the sum of $0.10 per bottle.

12. The Agreement further provides that OGI shall have full control of JSC business and transactions with relation to the JSC product in the Federation of Russia.

13. The Agreement further provides that in the event that OGI obtains the right to export JSC's product to the Russian Federation and JSC refuses to export to the Russian Federation, JSC shall pay a penalty of $500,000.

14. Over the course of two years via telephone and written communication, OGI has repeatedly requested JSC to provide product under the terms of Agreement however, JSC has refused.

15. OGI has gained approval to import JSC's product to the Republic of Russia, however, after diligent request, JSC has refused to abide by the terms of the contract..

FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT

16. OGI refers to the paragraphs 1- 13 and incorporates them herein by this reference.

17. OGI performed all acts required of it under the Agreement or has offered to perform all of the obligations required of it under the Agreement but has been rebuffed by defendant JSC

18. By its actions and inactions described herein, JSC breached its contractual obligations under the Agreement in one or more of the following particulars:

  a. by failing to provide product although duly requested according to the

terms of the Agreement, and

b. by failing to provide the required control of imports to OGI into the Republic of Russia

c. by failing to provide all licensing documents to OGI to obtain an importing license into the Republic of Russia

19. Each of the breaches by JSC was material.

20. By its actions and inactions described herein, JSC is in default and has materially breached its obligations under the Agreement.

21. As a result of these material breaches, OGI has been unable to meet its obligations to provide product to its distributors in the United States and Internationally. The resulting injury to OGI's business would substantially cripple if not close down its entire operations in the United States and abroad and suffer immeasurable loss.

22. OGI has no adequate remedy at law. OGI can only be made whole if JSC is required to specifically perform the terms of the Agreement.

23. In the alternative, OGI has been damaged in amount to be proven at trial, but believed to exceed the amount of $19,500,000.00 plus additional damages going forward due to JSC's breaches. The $19,500,000 consists of a) Loss of profits of an executory contract in the amount of $1,650,000; b) lost sales commission of $1,500,000.00 relating to the purchase of the Alvaredi wine plant; c) Loss of good will and tortious interference in the amount of $1,500,000.00 relating to OGI's licensing status with Russian licensing

officials; d) loss of profits in the amount of $3,000,000 for loss of use of brands of "Kremlin Guild" and Kremlin Official Supplier"; e) $5,000,000 for loss of good will with local Russian distributors; f) $700,000 for marketing and advertising in reliance on the Agreement; and f) $6,000,000 for loss off good will with local Russian businesses and cancelled contracts.

## SECOND CLAIM FOR RELIEF

## BREACH OF GOOD FAITH AND FAIR DEALING

24. OGI refers to paragraphs 1-22 above and incorporates them by reference.
25. Implied in every contract is a covenant of good faith and fair dealing. This covenant prohibits either party from engaging in any act that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.
26. OGI invested significant money, time and relationship management to set itself up to import and export the product under the Agreement.
27. JSC was and is aware of the efforts and funds dedicated to complying with Agreement by OGI.
28. OGI has no adequate remedy at law.  OGI can only be made whole if JSC is required to specifically perform the terms of he Agreement.

## THIRD CLAIM FOR RELIEF - DECLARATORY JUDGEMENT

29. OGI  refers to paragraphs 1 through 27  and incorporates them herein by this reference.
30. A real controversy exists between OGI  and JSC regarding their respective rights

and obligations under the Agreement. OGI requests this Court's declaration that:

   a. the Agreement is a valid and binding contract;

   b. JSC is obligated to comply with the terms of the Agreement.

31. OGI has no adequate remedy at law. OGI can only be made whole if this Court declares that JSC is required to specifically perform the terms of the Agreement.

32. Pursuant to ORS 28.100, plaintiff is entitled to recover its costs.

   FOURTH CLAIM FOR RELIEF - RESTRAINING ORDER.

33. It is woefully apparent that JSC is in flagrant breach of the Agreement and has indicated through its actions of its intention to never fulfill the terms of the Agreement.

34. In the event that OGI is successful in its litigation JSC has no substantial assets other than the inventory of Product currently stored in its warehouse in the Republic of Georgia.

35. Additionally, the product and its proceeds as well as the ownership of JSC could easily be transferred internationally, easily hiding the assets of the defendant thereby obfuscating any award by this court.

WHEREFORE , plaintiff respectfully requests that the court:

1. Temporarily restrain and preliminarily enjoin JSC from:

   a. Importing any product to the United States;

   b. Exporting any product that may be within the United States to any other

      country;

   c. Transferring of or otherwise disposing of any Product in the United States, Republic of Georgia or any other location;

   d. Transferring of or otherwise disposing of any shares, or ownership interest in the defendant JSC.

2. Requiring defendant JSC to specifically perform under the terms of the Agreement

3. $19,500,000.00 plus additional damages going forward due to JSC's continued breaches.

4. Retaining jurisdiction and maintaining the status quo until resolution of this claim and all claims in the Republic of Georgia precipitated by this agreement are resolved.

5. For such other and further relief as the Court deems just and proper.

Dated:    Queens, New York
            November 6, 2013

                                    Law Offices of Ephraim Frenkel

                                    _____
                                    Ephraim Frenkel, Esq. (EF2596)
                                    245-13 Jericho Turnpike
                                    PO Box 260421
                                    Bellerose NY 11426
                                    516-209-2300
                                    efrenkel@frenlaw.com
                                    Attorney for Plaintiffs
                                    Optima International Group, LTD and Optima Group, Inc